**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-6821

HAMZA TEBIB,

Plaintiff - Appellant,

v.

ROBERT D. FOUNTAIN, in his official and individual capacity; FRED
ROBERTSON, Chief, in his official and personal capacity; SERGEANT BRAME,
in his official and personal capacity; SHERIFF'S SURETY BOND,

Defendants - Appellees,

and

GRANVILLE COUNTY,

Defendant.

Appeal from the United States District Court for the Eastern District of North Carolina, at
Raleigh.  Terrence W. Boyle, District Judge.  (5:25-ct-03036-BO)

Submitted:  November 20, 2025                    Decided:  November 25, 2025

Before THACKER, HARRIS, and QUATTLEBAUM, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Hamza Tebib, Appellant Pro Se.  Bradley O. Wood, WOMBLE BOND DICKINSON (US) LLP, Winston-Salem, North Carolina, for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hamza Tebib filed a 42 U.S.C. § 1983 complaint against Granville County and others. The district court entered an order granting Granville County's motion for judgment on the pleadings and denying Tebib's motion for reconsideration, motion to expedite, motion for sanctions, motion for a temporary restraining order, and motion for a preliminary injunction. Tebib seeks to appeal that order. We dismiss in part and affirm in part.

This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). The district court's grant of Granville County's motion for judgment on the pleadings and its denial of Tebib's motion for reconsideration, motion to expedite, motion for sanctions, and motion for a temporary restraining order are neither final orders nor appealable interlocutory or collateral orders. Accordingly, we dismiss this portion of the appeal.

We do, however, have jurisdiction to review the district court's denial of Tebib's motion for a preliminary injunction. *See* 28 U.S.C. § 1292(a)(1). "The traditional office of a preliminary injunction is to protect the status quo and to prevent irreparable harm during the pendency of a lawsuit so as to preserve the court's ability to render a meaningful judgment on the merits." *Erie Ins. Exch. v. Md. Ins. Admin.*, 105 F.4th 145, 148 (4th Cir. 2024) (internal quotation marks omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in his favor,

3

and that an injunction is in the public interest." *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "A preliminary injunction is an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Roe v. Dep't of Def.*, 947 F.3d 207, 219 (4th Cir. 2020) (internal quotation marks omitted).

We conclude that the district court did not abuse its discretion in denying Tebib's motion for a preliminary injunction. *See id.* (stating standard). Tebib's retaliation and denial of access to the courts claims are no longer active, and, in any event, Tebib has not met his burden of establishing the likelihood of success on the merits or irreparable harm in the absence of preliminary relief. We therefore affirm the district court's denial of Tebib's motion for a preliminary injunction.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

4